ALBINUS WILBUR & another *vs.* JONATHAN WILBUR, Executor

The *St.* of 1841, *c. 55*, which gives to the supreme judicial court exclusive jurisdic- tion of all actions of waste and all actions of the case in the nature of waste, does not apply to an action against an executor or administrator for wasteful manage- ment of the property of his testator or intestate, but is confined to those tech nical actions against tenants of real estate, which are authorized by the Rev. Sts *c.* 105, §§ 1 – 6.

IN an action of trespass upon the case, the plaintiffs set forth that, by the last will of Samuel Wilbur, of which the de- fendant was executor, they were made residuary legatees ; that property of said Samuel, more than sufficient to pay all his debts and the legacies bequeathed by him to others, came into the defendant's hands, as such executor ; and that the defendant so negligently and wastefully managed said property, that the plaintiffs had lost a large sum of money, to wit, $2000, which otherwise would have come to them under and by virtue of said will, &c.

Wilbur & another *v.* Wilbur, Executor.

The action was commenced in the court of common pleas, and was removed to the supreme judicial court, by the defendant, under the provisions of *St.* 1840, *c.* 87, § 3. The defendant now moved that the action be dismissed for want of jurisdiction.

*Colby,* for the defendant. As this is an "action of the case in the nature of waste," this court, by *St.* 1841, *c.* 55, had exclusive jurisdiction thereof; and it could not come here through the court of common pleas, under *St.* 1840, *c.* 87, § 3. It should therefore be dismissed, with costs. *Cary* v. *Daniels,* 5 Met. 236. See Rev. Sts. *c.* 85, § 16, and *c.* 110, § 6 1 Saund. 323 *b, note* (7.)

*Coffin,* for the plaintiffs. The *St.* of 1841, *c.* 55, was passed for the purpose of removing the doubt which had arisen, whether the technical action of waste, and actions on the case in nature of waste, were real actions, within the meaning of *St.* 1840, *c.* 87, § 1 ; and those technical actions, as mentioned in Rev. Sts. *c.* 105, §§ 1 – 6, are alone within the *St.* of 1841.

DEWEY, J. In the *St.* of 1840, *c.* 87, prescribing the jurisdiction of the supreme judicial court and the court of common pleas, the action of waste was not particularly named ; and to remove reasonable doubts as to the tribunal having original cognizance of this class of cases, it was deemed expedient to pass an explanatory act. By *St.* 1841, *c.* 55, it is provided that "the supreme judicial court shall have exclusive jurisdiction of all actions of waste, and all actions of the case in the nature of waste." We are now called upon to give a judicia' construction to this explanatory act, and to settle what are the actions of waste, and actions of the case in the nature of waste, the jurisdiction of which is vested exclusively in this court by the statute last cited. We cannot doubt that it applies solely to the action of waste, technically known as such — the action of waste given to the reversioner, or him who has the immediate remainder, against a tenant for life or years, for the recovery of the place wasted, with treble damages, as authorized by the ancient English statutes, and recognized as adopted into our code, but now modified and regulated by the Rev. Sts. *c.* 105.

As the revised statutes, in the chapter just cited, have authorized the action of waste, and the action on the case in the nature of waste, and particularly prescribed the cases in which it is an appropriate remedy, and who may be proper parties to such action ; it may reasonably be supposed that the legislature, in introducing into the *St.* of 1841, *c.* 55, the terms action of waste and action of the case in the nature of waste, intended thereby to refer to the same class of actions which were embraced in the Rev. Sts. *c.* 105.

This view of the purpose of the legislature, and of the limitation of the cases, provided for in *St.* 1841, *c.* 55, to cases of waste, technically so called, is much strengthened by the consideration, that, in the distribution of jurisdiction among the different courts by *St.* 1840, *c.* 87, all real actions, and all actions respecting easements upon real estate, were expressly made exclusively cognizable by the supreme judicial court. The action of waste, restricted as we understand it to be, is an action concerning real estate, and may be very naturally included in the jurisdiction of the court having cognizance of real actions. But to adopt the construction contended for by the defendant, and to apply the statute to all cases which might, in a more loose sense, be termed cases of waste or unfaithful management of property held by agents or stewards, would have the effect to transfer exclusively to the court not only cases of waste by administrators and executors, but all cases of waste and mismanagement of personal property by bailees, factors, agents and servants of any kind whatsoever. Such we do not apprehend to have been the intention of the legislature in passing the act under consideration. We think it applies to actions of waste, and actions on the case in the nature of waste, of the character recognized by the Rev. Sts. *c.* 105. It is true that the term waste is sometimes applied to the case of unfaithful administration by executors or administrators, (as in Rev. Sts. *c.* 85, § 16, and *c.* 110, § 6,) but in a very different sense ; and for such waste a remedy is given, which remedy was not intended to be changed or modified by the recent statutes concerning the jurisdiction of this court and the court of common pleas. The

present action was therefore properly instituted in the court of common pleas, and being duly removed to this court by the defendant, the motion now made to dismiss it, on the ground that this court had exclusive original jurisdiction of the case, cannot prevail.